UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUILING CHENG, <br><br> Plaintiff, <br><br> -against- <br><br> MERRICK GARLAND, Attorney General of the United States, ALEJANDRO MAYORKAS, as Secretary of the Department of Homeland Security, USCIS, SUSAN RAUFER, Newark Asylum Office Director, US Dept of Homeland Security ("DHS"), <br><br> Defendants. | Case No. 1:24-cv-03465 (JLR) <br><br> **OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Huiling Cheng ("Plaintiff") filed an I-589 Application for Asylum and Withholding of Removal with the USCIS Newark Asylum office in or about August 2020. Dkt. 1 ("Compl.") at 1, 4. "[M]ore than three (3) years have passed since Plaintiff's filed her I-589 application and the case is still waiting interview" at the Newark Asylum Office. *Id.* at 5. Plaintiff filed this action on May 6, 2024, and brings a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, to compel adjudication of her application. Compl. at 5-6. Defendants Merrick Garland, Attorney General of the United States, Alejandro Mayorkas, Secretary of the Department of Homeland Security ("DHS"), and Susan Raufer, the Newark Asylum Office Director of the United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants") have moved to dismiss. Dkt. 12 ("Br."). For the following reasons, the Court grants the Defendants' motion.

## BACKGROUND

Cheng, a citizen of China, was admitted to the United States on a B2 nonimmigrant visa on July 27, 2019. Dkt. 14 ("Isaacson Decl.") ¶ 10. Plaintiff filed a Form I-589,

1

Application for Asylum, with USCIS on August 21, 2020. Compl. at 1, 4; Isaacson Decl. ¶ 11. Plaintiff's application remains pending at the Newark Asylum Office. Isaacson Decl. ¶ 11. Plaintiff received an employment authorization document ("EAD") that is valid until September 26, 2024. *Id*. ¶ 14. She remains eligible to renew her EAD in 5-year increments for as long as her asylum application remains pending. *Id*.; 8 C.F.R. § 208.7(b).

On May 6, 2024, Plaintiff filed this action, bringing an APA claim. Compl. at 5-6. She seeks to compel Defendants to take appropriate action to adjudicate her I-589 application "without further delay." Compl. at 7.

On September 10, 2024, the Defendant moved to dismiss the Complaint under Federal Rules of Civil Procedure ("Rule") 12(b)(6). Br. Plaintiff submitted her opposition to the motion to dismiss on September 24, 2024. Dkt. 15 ("Opp."). Defendants filed their reply brief on October 1, 2024. Dkt. 16 ("Reply").

## LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (quotation marks and citation omitted). A court must draw all reasonable inferences in favor of the plaintiff. *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022).

## DISCUSSION

Plaintiff's APA claims implicate 8 U.S.C. § 1158, a provision of the Immigration and Nationality Act (the "INA"). Several parts of Section 1158 are relevant here.

- 8 U.S.C. § 1158(a)(1) states: "Any alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's

2

status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title."

- 8 U.S.C. § 1158(d)(1) states in relevant part: "The Attorney General shall establish a procedure for the consideration of asylum applications filed under subsection (a)."

- 8 U.S.C. § 1158(d)(5)(A)(ii) states: "The procedures established under paragraph (1) shall provide that . . . in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed."[1]

- 8 U.S.C. § 1158(d)(7), titled "No private right of action," states: "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."

The Court next addresses Plaintiff's APA claim in the context of this statutory framework.

## I. APA

Plaintiff seeks to compel adjudication of her asylum application under the APA because of an unreasonable delay. *See* 5 U.S.C. § 706(1) ("The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed."). To evaluate such a claim, the Court looks to the factors summarized in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"); *see Nat. Res. Def. Council, Inc. v. U.S. FDA*, 710 F.3d 71, 84 (2d Cir. 2013) (*TRAC* "set[s] forth [the] test for determining if agency action is unreasonably delayed"); *Fangfang Xu*, 434 F. Supp. 3d at 52-55 (applying *TRAC* factors in evaluating asylum applicant's APA claim of unreasonable delay); *Baisheng*

---

[1] *See also* 8 C.F.R. § 208.9(a)(1) ("The asylum officer shall conduct the interview within 45 days of the applicant being served with a positive credible fear determination made by an asylum officer pursuant to § 208.30(f) or made by an immigration judge pursuant to 8 CFR 1208.30, subject to the need to reschedule an interview due to exigent circumstances, such as [certain examples].").

3

*Chen*, 2020 WL 6825681, at *4-6 (same); *accord* Br. at 9 (arguing that the Court should apply the *TRAC* factors).

The *TRAC* factors are:

> (1) [T]he time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80 (quotation marks and citations omitted). "These six factors are not ironclad, but rather are intended to provide useful guidance in assessing claims of agency delay." *Ahmed v. Bitter*, No. 23-cv-00189 (NGG), 2024 WL 22763, at *7 (E.D.N.Y. Jan. 2, 2024) (quotation marks and citation omitted). Although "no single factor is dispositive," "the first and fourth factors generally carry the most weight." *Arabzada v. Donis*, 725 F. Supp. 3d 1, 13 (D.D.C. 2024).

The Court will consider each factor in turn before assessing them in the aggregate.

### A. *TRAC* Factor 1

"The first *TRAC* factor – whether an agency's time to act is governed by a rule of reason – is the most important." *Kaur v. Mayorkas*, No. 22-cv-04514 (PAE), 2023 WL 4899083, at *6 (S.D.N.Y. Aug. 1, 2023) (quotation marks and citation omitted). "Indeed, only the first *TRAC* factor is phrased as a categorical command: the time agencies take to make decisions *must* be governed by a rule of reason." *Sheiner v. Mayorkas*, No. 21-cv-05272 (ER), 2023 WL 2691580, at *5 (S.D.N.Y. Mar. 29, 2023) (citation omitted). "It

4

inquires whether there is any rhyme or reason for the Government's delay" – "in other words, whether the agency's response time is governed by an identifiable rationale." *Kaur*, 2023 WL 4899083, at *6 (ellipsis, quotation marks, and citation omitted). This factor "turns in large part on the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Id.* (quotation marks and citation omitted).

Defendants cite as the rule of reason a scheduling system known as "Last-In-First-Out." Br. at 10. Under this system, USCIS generally schedules recently filed asylum cases for interviews ahead of older cases to combat a "systemic crisis" in processing asylum applications. Br. at 1 (quoting *Xu v. Cissna*, 434 F. Supp. 3d 43, 53 (S.D.N.Y. 2020)). USCIS also recently adjusted its system for scheduling affirmative asylum interviews "to adjudicate backlogged applications in chronological order, while continuing to utilize LIFO scheduling for newly filed applications." Br. at 7; Dkt. 13 ("Lafferty Decl.") ¶ 31. This system "permits some of the oldest pending applications to be completed in chronological order." Br. at 7; Lafferty Decl. ¶ 32. Other courts, in this Circuit and elsewhere, have consistently held that the Last-In-First-Out system is a rule of reason for purposes of the first *TRAC* factor. *See, e.g.*, *Abdiev*, 2024 WL 3742545, at *4; *Doe v. DHS*, No. 23-cv-00002, 2024 WL 1603567, at *3-4 (E.D. La. Apr. 12, 2024); *Arabzada*, 725 F. Supp. 3d at 14; *Yilmaz v. Jaddou*, 697 F. Supp. 3d 951, at 958-59 (C.D. Cal. 2023); *Baisheng Chen*, 2020 WL 6825681, at *5; *Yueliang Zhang*, 2020 WL 5878255, at *4-5; *Ying Yu Liu*, 2020 WL 2836426, at *8; *Fangfang Xu*, 434 F. Supp. 3d at 53. The Court finds the analyses of these courts persuasive and agrees with them. Accordingly, the first *TRAC* factor weighs in favor of the Government.

B.   *TRAC* **Factor 2**

"The second factor considers whether Congress has indicated the time frame for which it expects an agency to act." *Saharia v. USCIS*, No. 21-cv-03688 (NSR), 2022 WL 3141958, at *5 (S.D.N.Y. Aug. 5, 2022). Congress has done so here through Paragraph (5)'s 45-day deadline to commence "the initial interview or hearing on the asylum application." 8 U.S.C. § 1158(d)(5)(A)(ii); *see Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 30, 38 (D.D.C. 2000) ("If a specific deadline for final agency action is provided by Congress, the reasonableness of the delay can be measured in relation to this deadline."). Moreover, under 8 U.S.C. § 1158(d)(5)(A)(iii), Congress has required that asylum applications be adjudicated within 180 days. Hence, the second *TRAC* factor points in Plaintiff's favor.

C.   *TRAC* **Factors 3 and 5**

"Courts analyze *TRAC* factors three and five together, looking to the possible effects a delay has had on a plaintiff's health and welfare and to the nature and extent of the interests prejudiced by delay." *Arabzada*, 725 F. Supp. 3d at 16 (quotation marks and citation omitted). Plaintiff asserts that her "life has remained in limbo" and that "while she is able to remain and work, she lives under the uncertainty of not knowing whether she will be able to remain indefinitely." Opp. at 5. She states that she is harmed because she "cannot obtain closure of her matter or petition for family members" who remain in China. *Id.* While this is understandable, Plaintiff is deemed lawfully present in the United States and has employment authorization, which she will be able to renew during the pendency of her asylum application. Br. at 12. Plaintiff's need for closure and feelings of vulnerability while she awaits the adjudication of her application "are not of the severity or kind that other courts have found tilt the third and fifth factors in favor of similarly situated plaintiffs." *Punt v. USCIS*, No. 22-cv-01218, 2023 WL 157320, at *5 (D.D.C. Jan. 11, 2023) (collecting cases); *see Rashidian v.*

*Garland*, No. 23-cv-01187, 2024 WL 1076810, at *9 (D.D.C. Mar. 8, 2024) (injuries "which are likely shared by many others facing similar circumstances" are "not so extreme or unusual as to plausibly outweigh the other factors favoring Defendants" (quotation marks and citation omitted)); *cf. Babaei v. U.S. Dep't of State*, 725 F. Supp. 3d 20, 32 (D.D.C. 2024) ("Factors three and five slightly favor Plaintiffs, given their allegations that they have had to defer their academic and career plans, and medical research they plan to pursue."); *Saharia*, 2022 WL 3141958, at *6-7 (more detailed allegations of personal hardship sufficed to tilt third and fifth factors in plaintiff's favor).

Here, "[a]t most, these factors would weigh only slightly in support of finding an unreasonable delay. They are not enough to overcome the other factors that weigh strongly in the Government's favor." *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 53 (D.D.C. 2021).

### D.  *TRAC* Factor 4

Factor 4 – "the effect of expediting delayed action on agency activities of a higher or competing priority," *TRAC*, 750 F.2d at 80 – strongly favors the Government here. Notwithstanding Plaintiff's assertion that she is not "cutting the line," Opp. at 5, "granting Plaintiff the relief [s]he seeks would simply advance [her] application ahead of many others, including those of applicants who have been waiting as long, or longer, than Plaintiff. And the effect of leapfrogging Plaintiff's application to the front of the line would do nothing to cure the deficiencies of the asylum application process; it would only harm other applicants, who are equally deserving of prompt adjudication." *Baisheng Chen*, 2020 WL 6825681, at *6 (brackets, quotation marks, and citation omitted); *accord Sunny v. Biden*, Nos. 21-cv-04662 et al. (BMC), 2023 WL 5613433, at *3 (E.D.N.Y. Aug. 30, 2023) ("To grant priority would push others further back in line when the only difference between them and plaintiffs is that plaintiffs brought a federal lawsuit." (brackets and citation omitted)). Thus, as numerous

7

courts have held in similar cases, the fourth *TRAC* factor favors the Government here. *See, e.g.*, *Arabzada*, 725 F. Supp. 3d at 16-17; *Sunny*, 2023 WL 5613433, at *3; *Dawod v. Garland*, No. 23-cv-03211, 2023 WL 8605320, at *8 (C.D. Cal. Aug. 10, 2023); *Baisheng Chen*, 2020 WL 6825681, at *6; *Ying Yu Liu*, 2020 WL 2836426, at *9.

### E.   *TRAC* Factor 6

"The sixth *TRAC* factor requires the Court to assess any allegations of bad faith or unfairness on the part of the agency. Where a plaintiff does not allege bad faith, the sixth factor reminds the Court not to impute impropriety to agency delay." *Arabzada*, 725 F. Supp. 3d at 17 (citations omitted). Here, Plaintiff does not allege bad faith, unfairness, or other impropriety, so the sixth *TRAC* factor is neutral. *See, e.g.*, *Cohen v. Jaddou*, No. 21-cv-05025 (PAC), 2023 WL 2526105, at *7 (S.D.N.Y. Mar. 15, 2023).

### F.   Final Analysis

Considering the *TRAC* factors holistically, the Court concludes that Plaintiff has failed to state a claim for unreasonable delay, especially given that the most important factors (the first and fourth) favor the Government. At the time the underlying motion to dismiss in this matter was filed, Plaintiff's asylum application had been pending for approximately three years and eight months. Applying the *TRAC* analysis, courts in this circuit have dismissed APA claims brought by plaintiffs with asylum applications pending for longer. *See, e.g.*, *Maxhuni v. Mayorkas*, No. 23-cv-09076 (DEH), 2024 WL 3090165, at *1-4 (S.D.N.Y. June 20, 2024) (almost five-year delay in adjudication of asylum application deemed not unreasonable); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (same); *Xu v. Nielsen*, No. 18-cv-02048 (BMC), 2018 WL 2451202, at *2 (E.D.N.Y. Mar. 31, 2014) ("Plaintiff's application has been pending for a little less than five years, and while a substantial amount of time, it is not an unreasonable delay."). Indeed, "courts have generally

found delays of four years or less not to be unreasonable[.]" *Boussana v. Johnson*, No. 14-cv-03757 (LGS), 2015 WL 3651329, at *8 (S.D.N.Y. June 11, 2015) (citation omitted).

The Court thus grants the Defendants' motion to dismiss Plaintiff's APA claim under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 11 and to CLOSE the case.

Dated: December 6, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge